HARDY's *Exr's. Ex parte.*

PRACTICE—*Remittitur.*—The rule adopted in *Fowler v. Johnson, 11 Ark. 280,* affirmed.

Remittitur must be entered before cause disposed of, on appeal or writ of error, by this court.

The judgments of a court, after its adjournment, pass from under its control.

*Motion to enter Remittitur.*

*J. L. Witherspoon*, for petitioners.

WILSHIRE, C. J.

At the present term of this court the appellees in the cause of *Ayliff v. Hardy's Executors*, decided the judgment reversed and the cause remanded at the December term of this court, 1867, moved for leave to enter a remittitur for the excess of damages found by the jury in the Clark county circuit court, which was the sole error for which the judgment was reversed, and the cause remanded.

The rule was adopted by this court in the case of *Fowler v. Johnson, 11 Ark. 380*, that "where a remittitur will cure the only error complained of, it shall be allowed to be entered upon the terms of paying costs, as usual, and also of an abandonment of record of all right to proceed on the recognizance, whereupon the judgment will be immediately *affirmed.*" This rule has been adhered to by this court in all cases since its adoption.

It must be observed that the remittitur must be entered before the cause is disposed of, upon the appeal or writ of error by this court. No other conclusion than this can be drawn from the language of the rule. The language of the rule is substantially that, upon the remittitur being entered, the right to proceed upon the recognizance, abandoned of record by the appellee, the judgment will be immediately affirmed. Then,

by the rule itself, the remittitur must be entered before the final disposition of the case in this court.

If there was any doubt in the language of the rule, it is quite clear to our minds that the motion could not be sustained at this late day. The judgment of the Clark circuit court, in the case of *Ayliff v. Hardy's Executors*, was brought here by appeal, and decided at the December term, 1867. Three years since this cause was disposed of by this court has elapsed. It is now too late for the appellees in that cause to avail themselves of the rule; indeed, it was too late after the adjournment of the term of this court, at which the judgment was reversed, etc. It is a rule too well established, to require discussion here, that the judgments of a court, after the adjournment of the term, pass from under its control. See *10 Ark. 186; 13 Ark. 104; 11 Ark. 151*, and authorities therein cited.

The motion is overruled.